UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SHANE T. PANNELL,

Petitioner,

vs.

TYRELL DAVIS,

Respondent.

Case No. 1:24-cv-00529-REP

**INITIAL REVIEW ORDER**

Petitioner Shane Pannell (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 3. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that Petitioner may proceed to the next stage of litigation, which is to determine whether his claims are presented in a procedurally proper manner.

## REVIEW OF PETITION

### 1. Background

Petitioner pleaded guilty to and was convicted of sexual exploitation of a child in Washington County, Idaho, Case No. CR17-1632. His judgment of conviction was entered on October 13, 2017. He is currently imprisoned; his sentence will be satisfied in 2027.[1]

Petitioner states that he did not file a direct appeal. He filed a post-conviction action, which was dismissed by the state district court, but he did not file an appeal from the dismissal order. *See* Dkt. 3.

The Petition in this matter was filed on October 31, 2024. Petitioner brings claims that his counsel performed ineffectively, that the victim recanted her inculpatory statement against him, that the state courts violated the victim's due process rights, and that the arresting officers did not produce a warrant or read him his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

### 2. Discussion

Petitioner has several threshold procedural hurdles to overcome before the Court could hear the merits of his claims. In addition, some of his claims are not appropriate for

---

[1] *See* https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/125446 (Search: Pannell, Shane; accessed 1/27/2025).

a habeas corpus proceeding.

**A. *Statute of Limitations***

First, it appears that the statute of limitations may be at issue, given that he is contesting a 2017 judgment, and he filed his Petition in 2024. The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA contains a *statutory* tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Because this particular statutory provision applies only to "pending" actions, the additional 21-, 42- and 90-day time periods associated with the calculation of finality after direct appeal are *not* applied to extend the tolling periods for post-conviction actions. However, unlike direct appeal "finality," the term "pending" *does* extend through the date of the remittitur.[2]

The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

In this case, Petitioner filed a post-conviction action, but did not appeal it. Therefore, the time before and after this action count towards the one-year federal statute of limitations.

The *equitable* tolling doctrine can be applied to the statute of limitations. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant

---

[2] *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). "Pending" is determined according to each particular state's law. In Idaho, an appellate case remains pending until a remittitur is issued. *See Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Idaho Ct. App. 1999).

seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling a circumstance must have *caused* the petitioner to be unable to file his federal petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999). If Petitioner has facts supporting equitable tolling, he may assert them in response to a motion for summary dismissal.

The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). To qualify for the exception, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id*. In other words, a petitioner's diligence should not be considered "discretely, but as part of the assessment whether actual innocence has been convincingly shown." *Id.* Petitioner should bring forward additional facts regarding the alleged victim's recantation in response to any motion to dismiss.

**B. *Procedural Default***

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a

claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that

the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make "a colorable showing of factual innocence." *Herrera*, 506 U.S. at 404. Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

It is important to note the distinction that actual innocence is not a substantive claim that warrants relief in noncapital cases. *See Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011) (en banc) (statute of limitations context) (relying on *House v. Bell*, 547 U.S.

518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). Instead, if a petitioner brings forward evidence that "demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt," actual innocence serves only as a "gateway" to permit the federal court to hear Petitioner's otherwise procedurally-barred constitutional claims on the merits. *Id*. at 937.

**C. *Inappropriate Claims***

Several of Petitioner's claims may not be cognizable claims, meaning that they do not fit within the Court's limited jurisdiction in federal habeas corpus matters, as circumscribed by statute and case law. His first claim appears to assert he has discovered new evidence, a recantation letter by the victim from August 2017, that shows he is actually innocent. Dkt. 3 at 7. The United States Supreme Court has made it clear that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). This prohibition exists because "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id*. (citing *Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923) (Holmes, J.) ("[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved."). Petitioner cannot

proceed on this claim under a theory of actual innocence, but if the facts support a claim of a constitutional violation, he may file an amendment to clarify that claim.

Petitioner's second claim does not appear to have a cognizable legal basis. He asserts that the judge should have removed the minor victim from her parent's care because her parent was manipulative; in addition, the victim was threatened by her parent in April of 2017. Petitioner asserts that these asserted facts constitute a violation of the victim's Fourteenth Amendment rights.

Petitioner may not assert the violation of another person's rights in a habeas corpus action. Rather, he must show how the court's actions violated his own rights. These allegations fail to state a claim upon which relief can be granted. The Court will give Petitioner leave to amend his petition if he has additional facts or legal reasoning to support a similar constitutional claim personal to himself.

Petitioner next asserts that he was arrested without a warrant. Fourth Amendment claims are treated in a unique manner in habeas corpus actions. When a State has provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim, it may not be relitigated by a federal district court in a habeas corpus action, "regardless of its view of the correctness of the state decision." *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977) (relying on *Stone v. Powell*, 428 U.S. 465, 481–82 (1976) (Fourth Amendment issues are not cognizable on federal habeas review); *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). Thus, the threshold issue for a Fourth

Amendment claim is whether petitioner had an initial opportunity for a fair hearing in state court. *See Caldwell*, 781 F.2d at 715. The narrow question is "whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *see also Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). The petitioner bears the burden of establishing that the state courts did not consider the Fourth Amendment claim fully and fairly. *Mack*, 564 F.2d at 901.

Petitioner may proceed to the threshold determination of whether he had an opportunity for full and fair litigation of his Fourth Amendment claims in state court. Petitioner may also proceed on his cognizable Sixth Amendment ineffective assistance and Fifth Amendment *Miranda* claims.

**3. Request for Appointment of Counsel**

Petitioner requests appointment of counsel because he is autistic and he does not know the court rules. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a

petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Presently, neither discovery nor an evidentiary hearing is needed. The Court realizes that prisoners have very limited legal knowledge and resources; however, Congress has not provided for funding for habeas corpus attorneys, except in limited circumstances.

Petitioner has not described how his autism prevents him from pursuing this case. He has articulated his claims in an understandable manner to date. Because Petitioner has no attorney, the Court will review the state court record and research the law independently of Respondent's characterization of the record and the law. The Court also concludes that Petitioner's claims are not particularly complex or meritorious, and they presently appear blocked by procedural rules that the Court has outlined above. Petitioner he has not met the standards for appointment of counsel. Accordingly, the motion will be denied without prejudice. The Court will continue to assess the need for counsel as the case proceeds, without the need for Petitioner to file another motion.

**4. Conclusion**

Some of Petitioner's claims appear to be proper habeas corpus claims, and others do not. In addition, the cognizable claims appear blocked by procedural problems. The Court does not have relevant portions of the state court record upon which to determine

the potential preliminary issues. Therefore, the Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal. The Court will entertain a motion from Respondent regarding any procedural or cognizability defenses supported by the record.

**ORDER**

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of Petitioner's Petition (Dkt. 3), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Within **120 days** after Respondent is served with the pleadings, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

3. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The

lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c). It is presumed that Petitioner has a copy of the state court record from his previous counsel. If he does not, he may file a motion to obtain relevant portions of the record, wherein he must state which portions of the state court record he does possess.

4. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.
5. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.
6. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.
7. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.
8. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for

appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

9. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

11. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

12. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

UNITED STATES COURTS
DISTRICT OF IDAHO

DATED: January 29, 2025

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge